IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:17cr131-MHT |
| | ) | (WO) |
| MICHAEL WESLEY FLYNN, | ) | |
| ROBERT JOHN KELLY, | ) | |
| JESSICA CHRISTINA SCALI, | ) | |
| HANNAH SILAS, and JUDGE | ) | |
| STOKES, JR. | ) | |

OPINION AND ORDER

This cause is before the court on motions to continue made by defendants Michael Wesley Flynn and Judge Stokes, Jr. For the reasons stated in open court on August 21, 2017, and set forth below, the court finds that jury selection and trial, now set for September 5, 2017, should be continued pursuant to 18 U.S.C. § 3161(h)(7) as to Flynn and Stokes as well as to defendants Robert John Kelly, Jessica Christina Scali, and Hannah Silas.

While the granting of a continuance is left to the sound discretion of the trial judge, United States v.

**Stitzer**, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance would "result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant ... reasonable time necessary for effective

preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Flynn, Kelly, Scali, Silas and Stokes in a speedy trial. According to the motions and representations made during the August 21 hearing, counsel for Flynn and Stokes were appointed in early August, and they need additional time to review discovery documents and interview any potential witnesses. A continuance is warranted and necessary to allow Flynn and Stokes to prepare adequately and effectively for trial.

Kelly, Scali, and Silas do not object to a continuance for them. See § 3161(h)(6) ("The following period[] of delay shall be excluded ... in computing the time within which the trial of any ... offense must commence: ... A reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for

severance has been granted."). The government also does not object to a continuance.

***

Accordingly, it is ORDERED as follows:

(1) The motions for continuance (doc. nos. 138 & 139) are granted.

(2) The jury selection and trial for defendants Michael Wesley Flynn, Robert John Kelly, Jessica Christina Scali, Hannah Silas, and Judge Stokes, Jr., now set for September 5, 2017, are reset for October 3, 2017, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

DONE, this the 21st day of August, 2017.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**